**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **CAUSE NO. 3:19-CR-122-CWR-FKB-1**

**TIMOTHY LAKENDRICK LIDDELL** **DEFENDANT**

**ORDER**

Before the Court are the parties' supplemental briefs regarding application of United States Sentencing Guidelines (U.S.S.G.) § 2K2.1(b)(6)(B). Docket Nos. 35 and 36.

**I. Factual and Procedural History**

The background of this case is well-known to the parties. A brief recitation of the relevant facts and procedural history drawn from the parties' briefs and the U.S. Probation Office's Presentence Report (PSR) will suffice.

On October 11, 2018, a Mississippi Bureau of Narcotics (MBN) agent and a Ridgeland, Mississippi police (RPD) officer surveilled Timothy Lakendrick Liddell's apartment. During their watch, the officers saw Liddell exit his apartment with a backpack and garbage bag. Liddell reportedly placed the backpack in his car and deposited the garbage bag in his apartment complex's dumpster. He then returned to his car and prepared to drive away.

When Liddell attempted to exit the apartment complex, the RPD officer, acting on information that Liddell carried a gun and narcotics in his backpack, stopped Liddell. At some point during the stop, the RPD officer returned to his police car. When he did so, Liddell fled. Traffic thwarted the RPD officer's attempts to pursue and seize Liddell.[1]

[1] The officers acted wisely in not engaging in a high-speed chase through the community.

The officers continued to surveil Liddell's apartment. Shortly after Liddell's flight, the officers observed Tionna Pate, Liddell's girlfriend at the time, enter Liddell's apartment, exit the apartment with two garbage bags, and then place the bags in the dumpster. The officers confronted Pate, who explained that Liddell asked her to remove the bags from his apartment. Pate also reportedly told the officers that she knew the bags likely contained drugs.

Officers searched the bags. One bag contained "approximately 40 empty prescription bottles with the labels scratched off" and "appeared to contain Promethazine and Codeine." PSR at 5. The bag also contained a cigarillo pack and "what appeared to be a few grams of marijuana." *Id.*

The officers obtained a search warrant for Liddell's apartment. This search yielded a handgun with a magazine located on the fireplace; a handgun under the love seat in the living room, which was modified to "operate as fully automatic"; various bullets; two digital scales; and plastic bags. *Id.* In the kitchen, the officers found "a baby bottle containing approximately 120 mL of suspected Codeine syrup" and two boxes of bullets. *Id.* A search of the master bedroom yielded an additional bottle containing codeine syrup as well as "10 broken pieces of Xanax." *Id.*

Law enforcement officials eventually arrested Liddell. During an interview with RPD on November 2, 2018, Liddell admitted to possessing two firearms in his apartment. He clarified that "he left the firearms for his girlfriend, Tionna Pate, to use them for protection." PSR at 6. Liddell also stated that he fled from law enforcement officials on October 11, 2018, "because he was in possession of 3 ounces of codeine and 17 grams of marijuana." *Id.*

On November 1, 2018 a Madison County, Mississippi grand jury indicted Liddell on four counts under Mississippi state law for the offenses described above. Most pertinently, these counts included (1) felony eluding and (2) possessing more than 40 dosage units of codeine with

promethazine with intent to sell, distribute, or transfer the controlled substance while in possession of a firearm. Pursuant to a plea agreement, on May 13, 2019, Liddell pled guilty to only one of the charges stemming from this incident—the felony eluding charge. He did not plead guilty to the drug charge. In the agreement, Liddell also pled guilty to two drug offenses committed on December 10, 2016 and February 17, 2018.

On July 10, 2019, a federal grand jury returned a two-count indictment against Liddell. That is this case. Pursuant to a plea agreement reached with the Government, Liddell pled guilty to violating 18 U.S.C. § 922(o), which prohibits felons from possessing weapons, on July 8, 2020. The Court accepted the guilty plea. Docket No. 25. Subsequently, Liddell moved for several continuances of his sentencing, which the Court granted.

The Court held its most recent sentencing hearing on November 4, 2021. At that time, it allowed oral argument on Liddell's remaining objections to the PSR. Liddell argued that the four-level enhancement of U.S.S.G. § 2K2.1(b)(6)(B) should not apply. The Government contested this account, submitting that, as indicated in the PSR, § 2K2.1(b)(6)(B) appropriately applies to Liddell's conduct. This Order followed.

## II. Legal Standard

Under the United States Sentencing Guidelines, "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels." U.S.S.G. § 2K2.1(b)(6)(B). The Fifth Circuit has held that "for the enhancement to apply, the government must show evidence of both (1) possession of a firearm or ammunition and (2) that the firearm or

ammunition facilitated or had the potential to facilitate the other offense." *United States v. Eaden*, 914 F.3d 1004, 1008 (5th Cir. 2019). Additionally,

> The Application Notes [to U.S.S.G. § 2K2.1] now provide that "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia" the enhancement automatically applies because the Sentencing Commission has concluded that "the presence of the firearm has the potential of facilitating" these types of offenses. § 2K2.1 cmt. n. 14(B)(ii) (emphasis supplied). By contrast, for all other felony offenses that are not drug trafficking offenses . . . the enhancement only applies "if the firearm . . . facilitated, or had the potential of facilitating," that offense; no presumption is made. *Id.* cmt. n. 14(A).

*United States v. Jeffries*, 587 F.3d 690, 692-93 (5th Cir. 2009). When determining whether a firearm "facilitated or had the potential to facilitate the drug possession in order to apply the enhancement," a sentencing court applies the preponderance of the evidence standard. *Id.* at 694.

## III. Discussion

The first issue is whether Liddell's case involves a trafficking offense that automatically triggers application of § 2K2.1(b)(6)(B).

"[T]here is a presumption of facilitation when the defendant possesses a firearm during a drug trafficking offense and no presumption of facilitation when the defendant possesses a firearm along with only user amounts of narcotics." *Eaden*, 914 F.3d at 1008 n.2 (citing *Jeffries*, 587 F.3d at 692-93).

Liddell argues that the presumption of facilitation does not apply to his case. He submits that the "only guilty plea" from his May 13, 2019 state conviction relevant for the present federal sentencing "is a felony evasion charge." Docket No. 35 at 1. The other drug possession charges to which Liddell pled guilty as part of the state agreement, Liddell emphasizes, "were for dates which were different than those [o]n which he possessed and was charged with possession of a machine

gun," the basis of the instant federal offense. *Id*.[2] This is sufficient basis on its own, Liddell submits, for the Court to decline to apply § 2K2.1(b)(6)(B).

This assertion is correct in part. For present purposes, the two drug possession charges to which Liddell pled guilty as part of his state agreement are not relevant conduct, as they were not acts "that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1). Additional analysis is required, however.

Liddell next contends that his drug convictions pursuant to the state plea agreement do not qualify as drug trafficking offenses under Mississippi law. In support, Liddell emphasizes that he pled guilty to possession with intent to distribute 40 dosage units of codeine and promethazine, a Schedule V drug offense. *See* Miss. Code Ann. § 42-29-121; *see also* PSR at 10 (providing an overview of the state law charges). Under Mississippi law, Liddell stresses, "[t]rafficking in controlled substances" refers to violations of Mississippi's drug laws "involving five hundred (500) or more grams or two thousand five hundred (2,500) or more dosage units of a Schedule II, IV or V controlled substance." Miss. Code Ann. § 42-29-139(f)(2)(B) and (D). The indictment charged Liddell with possessing codeine (with promethazine) "in the amount of 100 dosage units but less than 500 dosage units." PSR at 10. Under the Mississippi Code's plain language, Liddell argues, his conduct did not qualify as trafficking.

This argument is persuasive. By the express terms of the Mississippi Code's controlled substances provisions, Liddell's charges did not qualify as drug trafficking offenses. Thus, the underlying drug charges do not automatically warrant enhancement under § 2K2.1(b)(6)(B).

---

[2] Different indeed. One charge was from nearly two years prior, and the second charge was more than eight months earlier.

Accordingly, the Court must consider whether, notwithstanding the above analysis, the presence of a firearm near drugs raises the presumption of facilitation, thereby rendering § 2K2.1(b)(6)(B) applicable. To trigger the enhancement, "the government must present facts or circumstances demonstrating that the possession of ammunition facilitated or had the potential to facilitate the other offense." *Eaden*, 914 F.3d at 1009 (citing *Jeffries*, 587 F.3d at 692, 694-5 & n. 9).

As a preliminary matter, the Court finds that "the relevant conduct" pertaining to the offense at issue in this case—felon in possession of a weapon—is Liddell's felony evasion and the conduct that immediately preceded his flight from law enforcement officials, due to their close temporal nexus. *See* U.S.S.G. § 1B1.3, cmt. n. B(ii). Hence, analysis on this point focuses on the firearms and drugs seized from Liddell's apartment.

Liddell contends that the facts of his case fail to establish facilitation. He emphasizes "that there is no evidence," such as proceeds from alleged drug sales, records of drug buyers, or other potential indicators of drug sales, "that Mr. Liddell ever sold drugs to anyone or otherwise distributed drugs." Docket No. 35 at 5.

The Government contests Liddell's characterization. It argues that under § 2K2.1(b)(6)(B), "evidence of drug trafficking exists where a defendant possesses scales, empty plastic bags, and a distribution quantity of controlled substances." Docket No. 36 at 4. Citing to cases where drugs were found in the same home as drug paraphernalia and courts applied the sentence enhancement, the Government urges application of the sentence enhancement in the present case.

On balance, the Court finds Liddell's arguments convincing. *Jeffries* is instructive. There, the Fifth Circuit emphasized that "the lack of any evidence of current or recent drug distribution or sales o[f] any kind by [the defendant]," in light of Comment 14A, weighs against applying the

enhancement. *Jeffries*, 587 F.3d at 693. In this way, Liddell's situation is distinct from cases where courts have held application of the sentence enhancement appropriate. *Compare United States v. Smith*, 847 F. App'x 214, 216 (5th Cir. 2021) (affirming application of the enhancement where firearms were stored in close proximity to drugs in the searched dwelling and "[t]here was also testimony at trial that [the defendants] both sold marijuana out of the apartment") *with United States v. Sealy*, 661 F. App'x 278, 282 (5th Cir. 2016) (holding application of the enhancement erroneous when there were "no indications that [the defendant] was a drug trafficker"). No direct evidence of trafficking exists in this case.

The objects seized by law enforcement also fail to raise a presumption that the firearms facilitated, or could have facilitated, drug trafficking. It is true that the presence of plastic bags and digital scales in this case resembles the context of *United States v. Bass*, 996 F.3d 729, 743 (5th Cir. 2021), and *United States v. Brown*, 797 F. App'x 854, 859 (5th Cir. 2020). But this similarity not dispositive. Instead, Liddell's documented personal drug use weighs against a finding of facilitation. The PSR notes that when Liddell was 15 years old, his "usage [of codeine and promethazine] began with twice a week but gradually became every hour." PSR at 15. Given this context, the volume of prescription drug bottles seized from Liddell's apartment likely resulted from addiction, not trafficking. Yes, several of the prescription drug bottles seized by law enforcement officials bore scratched-off labels. Yet such condition can reflect prolific drug use by a single individual just as easily as drug trafficking. Indeed, based on Liddell's professed reliance on codeine and promethazine,[3] the drugs seized by law enforcement likely—and tragically—

[3] The PSR indicates that Liddell "stopped using the drug when he was incarcerated in May 2019." PSR at 15.

constitute "a user amount[] of narcotics." *Eaden*, 914 F.3d at 1008.[4] Evaluated under a preponderance of the evidence standard, these facts fail to support the four-level enhancement.

*United States v. Ledesma* reinforces this approach. 750 F. App'x 344 (5th Cir. 2018). There, as here, only "simultaneous possession" linked the firearm with the drugs at issue. *Id.* at 348. No other acts, like holding "the firearm and drugs in a location where a shooting had recently occurred," appear in this case. *Id.* at 349 (distinguishing Ledesma's circumstances from those in *United States v. Jenkins*, 556 F.3d 160, 164 (4th Cir. 2009), where the Fourth Circuit affirmed application of the sentence enhancement). Consequently, the Fifth Circuit held application of § 2K2.1(b)(6)(B) erroneous. *Id.*

*Ledesma* guides this Court's analysis as to Liddell. The PSR indicates that Liddell "left the firearms for his girlfriend . . . to use . . . for protection." PSR at 6. Absent other factors not presented in the record, this is insufficient to establish a nexus between Liddell's firearm possession and drug trafficking facilitation. Sentence enhancement is thus inappropriate.

The cases cited by the Government are distinguishable from the present circumstances. For example, *Bass* involved a "state drug-trafficking charge," which "alone [was] enough to support the firearm enhancement." 996 F.3d at 743. Not so here. As discussed above, Liddell was not charged with, nor sentenced to, a drug trafficking offense. *Brown* is also distinguishable, as there, the finding of "5.1 grams of cocaine divided into small plastic bags" points to a clear intent to divide, and by implication, distribute, contraband. 797 F. App'x at 859. In contrast, the drugs seized from Liddell's home were not separated into discrete packages of controlled quantities, but instead remained housed in a range of bottles. Finally, neither the opinion in *Bass* nor in *Brown* made

---

[4] It does not escape the Court that the only marijuana the authorities found was the small amount that was in Liddell's possession. That small amount was approximately one-half ounce, an amount that suggests personal use, not sale and distribution.

mention of copious drug use by the defendant, a key fact that points to use, not trafficking, in the present case. Under the applicable standard of review, the § 2K2.1(b)(6)(B) enhancement is here unwarranted.

## IV. Conclusion

The Court declines to apply U.S.S.G. § 2K2.1(b)(6)(B)'s four-level enhancement. The Court will continue with the defendant's sentencing on a date convenient for all involved.

**SO ORDERED**, this the 7th day of March, 2022.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE